UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI GARCIA STRANGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. ARMY, et al.,<br><br>　　　　Defendants. | No.  2:20–cv–2408–JAM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT PREJUDICE |

　　　On December 4, 2020, plaintiff filed a complaint and motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  (ECF Nos. 1, 2.) The court found plaintiff's application deficient, and ordered him to supplement his declaration by December 30, 2020.  (ECF No. 3.)  The deadline has now passed without a response.

　　　Further, plaintiff's complaint alleging a tort against the U.S. fails to allege facts concerning participation in an administrative process.  See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim . . . should be affirmatively alleged in the complaint.").  The court included in its IFP order a command for plaintiff to indicate whether he has participated in any administrative process, as required by the Federal Tort Claims Act.  (See id.)  Plaintiff's failure to respond leaves the court without subject matter jurisdiction.

1

Given plaintiff's non-responsiveness and the deficiencies in plaintiff's filings, the court recommends plaintiff's complaint be dismissed for lack of subject matter jurisdiction. See, e.g., Mendoza v. United States, 661 F. App'x 501, 501–02 (9th Cir. 2016) (finding the district court "properly dismissed Mendoza's FTCA claim for lack of subject matter jurisdiction because Mendoza failed to allege administrative exhaustion under the FTCA.") (citing Gillespie, 629 F.2d at 640).

## **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be DENIED;
2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to allege administrative exhaustion; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 21, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stra.2408